### JACK PATTON v. THE STATE.

No. 394.     Decided February 2, 1910.

**Aggravated Assault—Continuance—Immateriality—Impeachment.**

Where upon trial for aggravated assault the absent testimony, to the effect that the absent witness saw the prosecutrix shortly after the commission of the offense and discovered no signs of bruises on her, but there was no time given when the witness saw prosecutrix, the same was immaterial; besides the same was only of an impeaching character, and there was no error in overruling the application.

Appeal from the County Court of Van Zandt. Tried below before the Hon. John S. Spinks.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*T. R. Yantis,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Van Zandt County on June 22, 1909, of aggravated assault upon his wife, Fannie Patton, and his punishment assessed at a fine of $25.

The parties had been separated a short while before the date of the alleged offense, the wife being at the residence of her sister, Mrs. Annie Whitus. On the day in question appellant, with his brother Harry, came to the house of Mrs. Whitus, and, according to Mrs. Patton's testimony, asked her to let him take Gladys, their three year old child, which she declined to do. That about this time she stepped out to where her sister was washing in the back yard, and she heard a noise in the house, and looked and saw defendant going out with Gladys in his arms. That she ran after the child, and was gaining on appellant, when he gave the child to his brother Harry and told him to run with her; that when she caught up with appellant he struck her more than once, knocking her down and inflicting bruises upon her. There was other testimony supporting the evidence of Mrs. Patton. Appellant denied striking his wife, but states that when she caught up with him that he caught her by the wrist and said to her that he wanted to reason with her; that he never did strike her in any way. The information was filed in the case on the 31st day of May of last year.

1. When the case was called for trial appellant made an application for a continuance for want of the testimony of Mrs. T. E. Robinson, Sam Reeves and Cad Sheffield. The diligence to secure the testimony of these witnesses seems to have been sufficient. The application does not state what the facts were expected to be proved by the witness Reeves. By the witness Mrs. Robinson it was stated it could be proved that she was living in the neighborhood where the offense was alleged to have been committed at the time and saw the prosecutrix a *short* time after the assault is alleged to have been committed, and that she saw her frequently for several days from the time she alleges that she was assaulted and that there were no bruises or signs of violence upon the person of prosecutrix visible to her, and that the prosecutrix told her that the defendant used no violence towards her. It was stated further in the application it could be shown by Cad Sheffield that he lived in the neighborhood of appellant and his wife while they lived together, and that he was always good and kind to his wife, a hard-working man and provided as well for her temporal wants as anyone could in his condition in life, and notwithstanding this the prosecutrix, while defendant was at work in the field, would get up and leave home without providing the meals for defendant to eat, thereby forcing defendant to have to prepare his meals after he came in from work. It seems clear that the testimony of Sheffield would not have been admissible if he had been present and offered as a witness, and that same is not

pertinent to any inquiry here. It is clear also that the application is insufficient as to Mrs. Robinson insofar as it was based on her testimony of the declaration by Mrs. Patton that appellant had not struck her. It is clearly the rule that where the testimony sought can only be available to impeach a State's witness, that a continuance should be refused. Garrett v. State, 37 Texas Crim. Rep., 198; Rodgers v. State, 36 Texas Crim. Rep., 563; Butts v. State, 35 Texas Crim. Rep., 364; Franklin v. State, 34 Texas Crim. Rep., 203; Bolton v. State, 43 S. W. Rep., 1010.

Nor do we believe, as presented, that we would be justified in reversing the case because of the proof expected to be given by Mrs. Robinson that she saw the prosecutrix shortly after the commission of the offense and discovered no signs of bruises on her. The time she saw the prosecutrix is not given. What is meant by the words "a short time" we can not know. It may have been a time either too soon for the bruises to have become apparent, or at a time when they would have disappeared. The burden was on appellant seeking an application to make such a definite statement of the facts proposed to be proved as would demonstrate their materiality and the value of such testimony. All applications for a continuance are, to some extent, within the discretion of the trial court, and, we think, in view of the general averments here made, and the character of the testimony, that the court below did not err in overruling the application.

The testimony is conflicting, but there is ample evidence, if believed, to justify and support the verdict of the jury.

The judgment is affirmed.

*Affirmed.*