## ALLEN BUTTS v. THE STATE.

*No. 865.   Decided January 15th, 1896.*

1.   **Continuance to Impeach Witness.**

Continuances will not be granted to obtain impeaching evidence.

2.   **New Trial—Newly Discovered Evidence to Impeach Witness.**

A new trial will not be granted to obtain newly discovered evidence which is only impeaching testimony.

3.   **New Trial—Newly Discovered Evidence—Diligence.**

Where the issue was as to the indorsement upon a certain instrument in writing, a new trial will not be granted for newly discovered evidence that no such indorsement was on the instrument, when defendant must have known the facts as to the indorsement before the trial, and made no effort to obtain the instrument until after his conviction.

APPEAL from the District Court of Denton.   Tried below before Hon. D. E. BARRETT.

This appeal is from a conviction for forgery, the punishment being assessed at seven years' imprisonment in the penitentiary.

The forgery was proven to be the signing, by defendant, of the name of Sidney Woods to a note for $30, given by defendant for a buggy bought by him of one Eckleberger.

The note and a chattel mortgage on the buggy, to secure its payment, were delivered by defendant to Eckleberger.   The chattel mortgage was not introduced in evidence.   But, it was stated, by some of the witnesses, that there was an endorsement on this instrument in the nature of a statement by Woods of his acquaintance with and knowledge of the defendant's character.

No further statement necessary.

[No briefs have come to the hands of the Reporter.]

DAVIDSON, JUDGE.—This appeal is prosecuted from a conviction for forgery.   Appellant sought a continuance for the testimony of one Walker, by whom he expected to prove that Eckleberger, the payee of the alleged forged note, had told appellant and Walker that Sidney Woods, whose name was alleged to have been forged, had told Eckleberger that his (Woods') name on the note "was all right, and that the signature was genuine,"   The application was denied, and exceptions duly reserved.   On the trial, Eckleberger denied this statement, and he and

Woods testified that Woods denied the execution of the note, or any knowledge of it; and Woods defeated Eckleberger in suit on the note, by proving it to be a forgery. Continuances will rarely be granted to obtain impeaching evidence. We see no reason in· this case why there should be a departure from this rule. Newly discovered evidence was alleged as a ground for a new trial. This was impeaching testimony, also, and does not afford a ground for a new trial. Willson's Crim. Stat., § 2544. Woods, and several members of his family, stated, on the stand, after denying Woods' signature to the note, that he signed an endorsement of the appellant's character on what purported to be a mortgage. This was denied by appellant. On the motion for a new trial he alleged, as ˙newly discovered evidence, the discovery of the mortgage, without such endorsement, in the hands of Eckleberger. This mortgage is not in the record. Appellant handed the mortgage to Eckleberger long prior to the trial, and subsequently to the time Woods should have written the aforesaid endorsement upon it. He knew, therefore, prior to the trial, whether this endorsement was written on the mortgage, and could have had it before the jury, if he had so desired, as Eckleberger had possession of it, lived in the town where the trial occurred, and testified for the State. ·That endorsement was an issue on the trial. No effort was made to obtain it until after his conviction. This was not newly discovered testimony. Finding no error in the record, this judgment is affirmed.

*Affirmed.*