## JIM RODGERS v. THE STATE.

### *No. 1490.   Decided December 9th, 1896.*

**1. Continuance—Practice.**

An application for continuance should show whether it is a first or subsequent application; and, where the application fails to state that fact; it should be stated in the bill of exceptions saved to the overruling of the application.

**2. Same.**

Where, in connection with the refusal of a continuance, when viewed from the standpoint of the motion for new trial, it appears that the absent witness was sought to impeach the testimony of the prosecutor; and it further appears, that when the prosecutor was upon the stand as a witness the defendant did not, on his cross-examination, ask the prosecutor about the matter nor lay a predicate for his impeachment as to time, place and circumstances in relation to the matter. Held: The continuance was properly refused.

**3. Same.**

An application for continuance will be Held: Properly refused when viewed from the standpoint of the motion for new trial, the absent testimony does not appear material and probably true.

**4. Theft of Cattle—Charge—Circumstantial Evidence.**

A charge on circumstantial evidence in theft is not required if a taking is shown by positive testimony.

APPEAL from the District Court of Motley.   Tried below before Hon. W. R. McGILL.

Appeal from a conviction for cattle theft; penalty, two years' imprisonment in the penitentiary.

A concise statement of the facts will be found in the opinion.

*J. E. Yantis,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of one head of cattle, and his punishment assessed at two years in the penitentiary and prosecutes this appeal.   When the case was called for trial, appellant applied for a postponement of the case to some future day of the term, in order to secure the testimony of an alleged absent witness named Merrill.   The indictment in this case was returned at the February term of the court, and appellant was tried and convicted at the August term following.   How the case had been previously continued, or whether this was a second application or the first, is not shown. The attachment was not issued for the absent witness until the 25th of July previous to the conviction on the 12th of August.   We have heretofore held that the application for a continuance, or the bill of exceptions, on the record, must show whether it is the first or subsequent application.   This is not done.   The defendant proposed to prove by the absent witness the following alleged facts: "By the said witness, Merrill, that the prosecuting witness, J. A. Reagan, told him (witness), shortly before the indictment was found in this case, that he saw the hide of the beef alleged to have been stolen by the defendant, but that

he could not tell what brand said hide had on it; that he did not know what the brand was." It will be seen at a glance that this testimony is simply impeaching in its character. Whether the witness, Reagan, would have denied this testimony or admitted it, this record does not disclose. As was said in Jameson's case, 32 Tex. Crim. Rep., 385: "The appellant should have asked the witness if he had made such a statement, and laid the predicate for the impeachment." If the witness, Reagan, had admitted making the statement to Merrill, Merrill's statement would have been inadmissible, because it was only for the purpose of impeaching Reagan. And the defendant would have obtained the same testimony by the admission of Reagan as he proposed to get from the absent witness. Reagan testified in the case, and, viewing this matter from the standpoint of the motion for a new trial, the testimony must appear to be material, and probably true. When the defendant had the witness, Reagan, on cross-examination, he could have settled this question as to whether he did or did not so state to the absent witness, Merrill; and in failing to do so we are not able to discover from the record either the materiality or the probable truth of the proposed testimony. The defendant has left the matter conjectural, and presents to us the case in this attitude, when, by asking the witness, Reagan, while on the witness stand, if he had made this statement, he could have made it definite, either one way or the other. The only purpose disclosed for the admission of this testimony was to impeach said witness, and the record does not show that the predicate was laid for the admission of this testimony, and we cannot assume that it would have been admissible, in the absence of a showing to that effect. And besides, the matters proposed to be proved, and their connecting circumstances, are too generally and indefinitely stated. Neither the time, place, nor the circumstances are stated in the application when this conversation occurred between the witness, Reagan, and the absent witness, Merrill. We think this is too general. Appellant requested a charge on circumstantial evidence, which was refused, and no charge was given on this phase of the law. This omission is assigned as error. It is only in cases where the conviction is made to depend entirely upon circumstantial evidence that this phase of the law is required to be given. The facts adduced on the trial show beyond any controversy that the defendant killed the animal in question. This he admitted to the State's witnesses, and this he proved himself by his own witness, and there is no question of the fact that he was connected with the killing of the animal. His witness, Tom Arnold, testified that at the request of the defendant he roped the animal which was killed, and when he had done so the defendant killed it, and they skinned and butchered it. This same witness testified that this is the identical animal to which the State's witness, Reagan, was testifying about. The discrepancy between the State and the defendant with reference to this animal consists in the description of the brands which are said to have been upon the hide. The State proved by Reagan that the brand was that of the Goodnight High-Grade

Cattle Company. The defendant proved that the brand was somewhat different, being I on the left shoulder and ⨎ on the left side. The Goodnight brand was ⌐⌐. It will be seen the only discrepancy, and the only difference in the testimony for the State and the defendant, consists not in the taking, but in the description of the brand on the animal taken. A charge on circumstantial evidence in theft is not required if a taking is shown by positive testimony. See, Hayes v. State, 30 Tex. Crim. App., 404. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.