## W. H. GARRETT v. THE STATE.

*No. 1188.    Decided February 3d, 1897.*

*Motion for Rehearing Decided February 17th, 1897.*

### 1.   Continuance.

An application for continuance, though perfect as to diligence, to be sufficient otherwise, must show the absent testimony to be material; it must not be couched in general terms, but must state the facts, and the facts themselves, as stated, must appear to be material: and the testimony sought must not be such as could only be available to impeach a witness who is to testify in the case.

### 2.   Second Trial at Same Term—Trial Jurors—Practice.

It was entirely competent for the court to retry the case at the same term, and, even within two days after the former trial; and if the jury for the week had been discharged, it was competent for the court to have other jurors summoned.

### 3.   Evidence—Lost Note—Notice to Produce.

Where a note and mortgage were court papers in the custody of the District Clerk, and on motion of defendant's counsel, S. and A., they were turned over to them for inspection and had never been returned; and the District Attorney testified, that he got S. and A. together and endeavored to procure the papers from them, and they stated, they did not know where they were and that they were lost; and A., who had had possession of the papers, was notified by the District Attorney to produce them. Held: The loss of, and notice to produce, the papers was sufficiently established to admit secondary evidence of their contents.

**4.  Impeachment of Witness After Evidence was Closed and the State's Witnesses had Gone Home.**

Where the evidence in the case was closed and the State's witnesses had been discharged and gone home, it was not error for the court to refuse to permit defendant to impeach one of said witnesses for truth and veracity.

**5.  Improper Argument of Counsel.**

Where the remarks of counsel, which are complained of, are not embraced in a bill of exceptions, they are not the subject of revision.

**6.  Perjury by Witness in Civil Suit—Indictment—Allegation as to Issue Joined in the Civil Suit.**

On a trial for perjury, committed by a witness in a civil suit, where it was objected that the indictment was defective in not alleging the character of the issue joined between the parties in said civil suit.  Held: The allegation, as to the issue being in accordance with approved forms, was sufficient; and the allegation, that, "then and there it became a material question whether the said note, sued upon, was executed and signed by the said G., etc.," would authorize proof of the character of issue joined, and proof also to show the materiality of the question upon which the assignment for perjury was predicated.

**7.  Same—Proof of Materiality of Matter Assigned as Perjury.**

On a trial for perjury, assigned upon the testimony of defendant as a witness in a civil suit, upon a note, in the Justice's Court, and he was charged with having falsely sworn that he did not execute said note, and it was contended that, in order to make said assignment material, the proof must show, that defendant had first filed a plea of non est factum, as required by law, before he could legally testify as to the non-execution of said note.  Held: It will be presumed that a proper plea was interposed as a predicate for his testimony, especially where, as in this case, no objection was made in the court below to this testimony upon the ground that no plea of non est factum had been filed in the Justice's Court.  But see, contra post paragraphs 9 and 10.

ON MOTION FOR REHEARING.

**8.  Perjury—Materiality—Proof.**

On a trial for perjury, the allegations of materiality must be proved.  It is not enough that the testimony (where testimony as a witness in a case is the matter assigned) was actually admitted; yet, it suffices that the indictment sets out the facts whence the materiality judicially appears.  Where it does not, the course is to prove all, or so much of the pleadings and evidence brought forward at the former trial as will duly present the question, whereupon the court will decide, as matter of law, whether what the defendant is shown to have testified to was material.

**9.  Same—Issue Joined.**

Where the perjury is assigned upon the testimony in a civil case, in the absence of an issue joined in the trial court that would render the testimony material, there could be no predicate upon which to base an accusation for perjury.

**10.  Same—Plea of Non Est Factum.**

On a trial for perjury assigned upon the testimony of defendant as a witness in a civil suit upon a note, in which he falsely swore, that he had not signed said note; but, he had filed no plea of non est factum in said case as required by law.  Held: That his testimony, that he had not signed said note, is not material to any issue in the case, and therefore, could not form the basis for an assignment of perjury.  An issue as to the non-execution of a note sued on can only be raised by a plea, denying the execution of the note, verified by affidavit.

APPEAL from the District Court of Navarro.  Tried below before Hon. RUFUS HARDY.

Appeal from a conviction for perjury, assigned upon testimony given as a witness in a civil suit upon a note; penalty, five years' imprisonment in the penitentiary.

The case is readily comprehended from the statement made in the opinions of the court.

*J. W. Scott,* for appellant, filed an able argument upon his motion for rehearing, after the first opinion affirming the judgment had been handed down.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at five years in the penitentiary, and prosecutes this appeal. Appellant filed a motion for a continuance on account of the absence of the following named witnesses: Dr. Rowe, Calvin Inman, and Buckley Williamson, who live in Navarro County, and A. D. and George Martin, who reside in Limestone County. The diligence shown to procure the attendance of these witnesses appears to have been sufficient. We do not consider the testimony of Dr. Rowe, as stated by the appellant, of a material character. No issue appears to have been made as to the insanity of the appellant at the time of the alleged signing of said note, and the fact that Dr. Rowe would testify that he attended the defendant in several cases of sickness, and that during said time said defendant suffered with his head, and at times was deranged from said head troubles, would, it occurs to us, be immaterial. And the allegation that he could prove by certain witnesses "that they had gathered the corn of William Trumbull, on Floyd's place, and that Floyd did not come at any time while they were there and receive a note from the defendant," is not such a showing of facts as we can consider of a material character. The witness, Floyd, does not testify that these parties were present and saw the execution and delivery of the note, and the expression, in the application for a continuance, that Floyd did not come in at any time while they were there and receive a note from the defendant, is too general. The testimony of the absent witnesses, George and A. D. Martin, is not shown by the application to have been rendered admissible. They could have only been used to impeach the witness, Floyd, in case he had testified that he had not told said witnesses, between the alleged date of the note and the suit at Kerens, that he had no note against the defendant. If said Floyd had been examined upon this point, the predicate might have been laid for his impeachment, or he might have explained the matter in such a way as to render the testimony of said witnesses absolutely immaterial. We cannot tell as to this from the showing in the application.

It was entirely competent for the court to retry the case at the same term, and even within two days after the former trial; and, if the jury for the week had been discharged, it was competent for the court to have other jurors summoned. By appellant's fourth bill of exceptions, he questions the action of the court in allowing evidence tending to show the loss of the note, and secondary evidence of its contents, on

the ground that sufficient notice had not been given to the parties who might have had said note in possession; alleging that one J. H. Anderson was of counsel for defendant, and was the only one of defendant's attorneys who ever had possession of defendant's said papers, and that said Anderson had never been served with notice to produce said papers. The bill is very general in its character, and does not show that J. H. Anderson was the custodian of said note. If we recur to the statement of facts to help out the bill of exceptions, it appears from said statement of facts that these papers—the note and a certain mortgage—were court papers, and the proper custodian of the same was the District Clerk; that at a former term of the court, on motion of the defendant's counsel, said note was turned over to defendant's counsel, Scott & Anderson, for inspection, and they were not returned to the District Clerk or to the District Attorney. The District Attorney testified that he endeavored to procure these papers from both Scott and Anderson, and that each told him that the other had the papers, and that subsequently he got them both together, and they then stated that they did not know where they were, and that they were lost. Anderson was still an attorney in the case, and we think, under the circumstances, the notice to produce authorized the proof of loss, and the introduction of the contents, of said note. Anderson, it appears, was notified by the District Attorney to produce said note, and we do not understand that the objection was made as to the method of notice. There was no error in the action of the court in refusing to allow the witness, Kimes, to be introduced to impeach the reputation of J. T. Floyd for truth and veracity in the neighborhood in which he lived. It appears from the explanation of the court to said bill that the testimony had previously closed, and the State's witnesses had been discharged and gone home. It would have been manifestly unfair to have allowed this impeaching testimony, when the State's witnesses upon this branch of the case had been discharged with the knowlege of the appellant, and had gone home. There is a bill of exceptions to the remarks of the attorney, A. B. Graham, who assisted in the prosecution of this case; but said remarks did not constitute a part of the bill, so they are not the subject of revision. Reference to them is contained in the motion in arrest of judgment, and the application for a new trial, but this is not sufficient to constitute them a part of the bill; and it does not appear that the remarks were excepted to, but the exception was to the action of the court in overruling the motion in arrest of judgment and motion for a new trial. What has been said covers all of the assignments in the record. Appellant, however, contends in his argument that the indictment was defective in not alleging the character of issue joined between the parties in the civil suit, which we do not think is well taken. The allegation that issue was joined between the parties was in accordance with the approved forms, and following this is the allegation: "Then and there it became a material question whether the said note sued upon was executed and signed by the said W. H. Garrett," etc. This would authorize proof of the char-

acter of issue joined, and of proof to show the materiality of the question upon which the assignment for perjury was predicated. Appellant's counsel further contend in the argument that the materiality of the question upon which the assignment of perjury was predicated must be made to appear by the proof, and that there was no evidence in this case that showed that the plea of non est factum (that is, a sworn plea denying the execution of a note), was ever filed in the civil suit, and that, consequently, all evidence showing or tending to show that defendant did not execute that note was upon an immaterial issue, and would not afford the basis for an accusation of perjury, and he raises the question for the first time in this court. Our statute on the subject of pleading in civil cases, among other things, requires that the plea to a suit on a note alleging the non-execution thereof, must be verified by affidavit. See, Arts. 1265, 1604, Subdiv. 8, New Rev. Stat., 1895. On the trial of a civil case, where the suit is on a promissory note purporting to be signed by the defendant, unless the defendant files a plea of non est factum, denying the execution of said note, on objection he will not be permitted to offer testimony that he did not execute the same. It appears from the record in this case that this testimony (that is, that the defendant swore that he did not execute said note), was admitted before the justice of the peace without objection. It will be presumed that a proper plea was interposed as a predicate for this testimony. No objection was made in the court below to this testimony on the ground that no plea of non est factum had been filed in the justice court. Perhaps, if the objection had been interposed, the plea would have been introduced; at least, we presume that the testimony was properly admitted. This view of the case shows that said testimony delivered in the justicecourt, on which the perjury in this case was predicated, was material in the trial of that case. It is not necessary for us to go to the extent of holding as some of the cases do, that perjury can be assigned on inadmissible testimony. See, Whar. Crim. Law, Sec. 1280, and notes thereto, and Sec. 1282. The distinction seems to be taken between a void and voidable proceeding. Mr. Wharton says (Section 1272): "A suit which is actually void and null for want of jurisdiction, or other incurable defect, is not one in which perjury can be committed. Thus, it is not perjury to swear falsely in a suit that is discontinued or abated; but if the proceeding is merely voidable, even though there be such defects as require a reversal on error, false swearing in its conduct is perjury, if the false evidence could by any contingency be introduced as testimony." It is not necessary in this case for us to decide that testimony denying the execution of a note, without a plea setting up a non est factum, would be in an absolutely void proceeding, and so not the subject of perjury. As stated before, the testimony in this case as to what was sworn before the magistrate was admitted without objection, and we will assume that said testimony was delivered upon a proper defense set up in that court. There being no errors in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—This case was affirmed at a former day of this term, and now comes before us on motion for rehearing. We have examined the motion of the appellant, and, in the view we take, there is nothing in the questions presented by him, except as to that part of the opinion of this court holding that, although no plea of non est factum was contained in the record proceedings of the trial court, yet we would presume that the testimony of the witness to the effect that he had not signed the note sued on was material; that is, that we would assume that said testimony was delivered upon a proper defense set up in the court in which the civil case was tried, notwithstanding the record did not contain such defense. Appellant insists that the view taken by this court was erroneous, and we have been constrained to give this question a more careful consideration, examining all of the cases on the subject which were accessible. The assignment upon which the perjury was predicated in this case was to the effect that in a certain civil proceeding in a certain justice court, one J. T. Floyd brought suit against W. H. Garrett (defendant) on a certain note for $20, setting out said note in hæc verba, showing that the same was signed by W. H. Garrett, and further alleging that issue was then and there duly joined between said plaintiff and defendant, and that said defendant was duly sworn as a witness in said case, and it then and there became and was a material inquiry before the said court, etc., whether the said note was signed and executed by the said W. H. Garrett, and then charging the said Garrett wilfully, deliberately, etc., testified that he did not sign the name W. H. Garrett, which appears as the signature to said note, and that he did not execute the same, which said statement was material to the issue in said case; and whereas, in truth and in fact, said Garrett did sign said note, etc. The authorities require that the indictment shall show the materiality of the alleged false testimony, or shall allege that the same was material; and in either event, as we understand it, the facts must be proved which show the materiality of the alleged false testimony. If the assignment is based on false testimony delivered in a judicial proceeding, so much of the record in that proceeding must be shown as to authorize the court to declare that the testimony alleged to be false was material to some issue in the case. Mr. Bishop says: "The allegation of materiality must also be proved. It is not enough that the testimony was actually admitted; yet it suffices that the indictment sets out the facts whence the materiality judicially appears. Where it does not, the course is to prove all or so much less than all of the pleadings and evidence brought forward at the former trial as will duly present the question; whereupon the court, not the jury, will decide, as of law, whether or not what the defendant is shown to have testified to therein was material." See, 2 Bishop's New Crim. Proc., § 935. Our own court has followed the principle here laid down. See, Lawrence v. State, 2 Tex. Crim. App., 479, and Wilson v. State, 27

Tex. Crim. App., 47. In this case no plea of non est factum or plea denying the execution of the note sued on by plaintiff was shown in evidence. In our former opinion we presumed, in favor of the regularity of the action of the court in the admission of the testimony of the non-execution of the note, that there was such a plea; that is, that the issue was properly made before the justice of the peace in the trial of said civil case, and that he acted properly in admitting the testimony of the defendant to the effect that he did not execute said note. But, on reconsideration of this question, we believe we were in error. The materiality of the testimony must be shown by evidence; and, in the absence of an issue joined in the trial court that would render the testimony material, there could be no predicate upon which to base an accusation of perjury. Under our statutes, as construed by the Supreme Court, an issue as to the nonexecution of a note sued on can only be raised by a plea denying the execution of said note, verified by affidavit. This, as we understand it, is the only mode by which the issue of the nonexecution of the note sued on can be made. Unless such affidavit is made, the production of the note affords full proof of the fact of its execution, and cannot be denied or disputed by the defendant. The authorities go to the extent of treating a plea denying the execution of a note sued on, which is not sworn to, as a nullity. See, Drew v. Harrison, 12 Texas, 279; Grounds v. Sloan, 73 Texas, 662. Both above cases are directly in point; and also, see, Bradford v. Taylor, 61 Texas, 508; Waterworks v. White, id., 536; Loan Co. v. Nall (Tex. Civ. App.), 36 S. W. Rep., 322. In such case, where the suit is on a note alleged to be executed by the defendant, and no affidavit of its nonexecution is filed in said case, as required by our statute, then there is no issue as to the execution of said note; no defense is presented as to its execution; and any testimony upon this subject is inadmissible, and will not afford a defense to plaintiff's action on the note. In accordance with the views above expressed, we hold that, the record failing to show that a plea of non est factum was made and presented by the defendant in said civil suit, we cannot presume against the defendant that such a plea was filed. In the absence of such matter of defense, it is our opinion that the evidence adduced fails to show that the alleged false testimony of the defendant became material; that is, that, the State having failed to show that the plea of non est factum was filed in said civil suit, the fact that appellant swore on the trial thereof that he did not execute said note is not shown to have been material to any issue in the case. For the reasons indicated, the rehearing is granted, and the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*