### ED POWELL v. THE STATE.

#### No. 3538.   Decided March 14, 1906.

**1.—Rape—Age of Consent—Continuance—Impeachment.**

Where upon trial for rape the application for continuance showed that the testimony of the absent witness could only be used to impeach a State's witness, the same was properly refused.

**2.—Motion for New Trial—Separation of Jury.**

Where the motion for new trial showed that the jury were at the restaurant taking a meal, and that one of them stepped out of the door in front of his fellows but was halted by the officer in charge; and that another juror, while the jury was at the table, stepped out into an adjoining room to procure bread, and returning spoke to a person who hailed him asking him what he wanted, which was all the conversation between them, it was not such a separation of the jury as would require a reversal.

Appeal from the District Court of Jackson.   Tried below before Hon. J. C. Wilson.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*O. S. York,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with having committed rape upon his daughter, a girl under 15 years of age.

When the case was called for trial appellant sought a continuance on account of the absence of three witnesses. Two of these appeared and testified, but the other did not. The absent witness was Dock Powell, whom it is alleged in the application would testify the same as his brother Major Powell. Major Powell was alleged to be one of the absent witnesses, and did testify practically as set out in the

application.  His testimony was used to impeach the witness, Jesse Powell, son of appellant, who denied having said to his uncle, Major Powell, in the presence of the absent witness Dock Powell, that he (Jesse) did not know anything about his father having done anything to his sister, Johanna; that he knew his father was not guilty, and that Johanna was telling a lie on her father; that she knew she was, and would be caught in telling the lie; that is practically the testimony of Major Powell.  Jesse Powell on the stand denied having made the statement.  So it will be seen that the testimony of the absent witness is purely and simply impeaching.  Where the absent testimony could only be used to impeach a State's witness, the continuance is properly refused.  It is rarely the case it would be held error to refuse a continuance for the purpose of obtaining impeaching testimony. Butts v. State, 35 Texas Crim. Rep., 364; Franklin v. State, 34 Texas Crim. Rep., 203; Garrett v. State, 37 Texas Crim. Rep., 198; Rodgers v. State, 36 Texas Crim. Rep., 563; Bolton v. State, 43 S. W. Rep., 1010.

There was also a ground of the motion for new trial based on the separation of the jury.  The matter was examined carefully, and rather exhaustively by the trial court.  One of the jurors denied separating from the jury, and the evidence does not show that it amounted to anything, if there was a separation.  The jury were at the restaurant taking a meal.  When they got ready to leave this juror stepped out of the door rather in front of the remainder of the jury, and was halted by the officer in charge.  If this was a separation at all it amounted to nothing.  The reason for halting the jury by the officer was that one of the jurors had not finished his meal.  The separation in regard to the other juror, as we understand the testimony, was that while the jurors were at the table, the bread having become exhausted, he stepped out of the dining room into an adjoining room or kitchen, to secure bread; was gone but a moment and returned. In returning he spoke to Gaynor, who hailed him, and asked him to come to him.  There was a reply by the juror, or rather query what he wanted.  This ended the conversation and seems to be about all there was to the separation.  If there is anything in this phase of the motion, it is found in the fact that this juror left the room where his companions were taking their meals, and went through a door to the adjoining room for bread.  He talked to no one about the case or anything connected with the case, and was gone only a moment or two.  We do not believe this is such a separation, as under our statute would require a reversal.  There is nothing to show a possibility that the case was discussed or that appellant could have been injured in any way.

As the record presents the case to us, we find no error authorizing a reversal, and the judgment is affirmed.

*Affirmed.*