### J. D. Gee v. The State.

No. 85.  Decided October 27, 1909.

**1.—Local Option—Continuance—Impeaching Testimony.**

Where, upon trial of a violation of the local option law, the absent testimony could only be used for the purpose of impeaching a State's witness who was to testify in the case, the continuance was correctly refused. Following Garrett v. State, 37 Texas Crim. Rep., 198, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where the State's evidence was sufficient to justify the verdict the same will not be disturbed.

Appeal from the County Court of Montague. Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law. When the case was called for trial appellant moved to continue the case on account of the absence of Mark and Ophelia Black. By these witnesses he expected to prove that the State's witness and alleged purchaser, Winniger, on or about the 25th of February, 1909, while at the house of said witnesses Black, stated

to them that his, witness' father had given or offered to give said witness a horse, bridle and saddle if he would testify against this defendant in this case. This evidence was sought to impeach the credibility of the State's witness Winniger. The court did not err in overruling this application. Where the absent testimony could only be used for the purpose of impeaching a State's witness who is to testify in the case, the continuance should be refused. Garrett v. State, 37 Texas Crim. Rep., 198; Rodgers v. State, 36 Texas Crim. Rep., 563. In Butts v. State, 35 Texas Crim. Rep., 364, it was held that a continuance should not be granted to obtain evidence that is only impeaching. See also Franklin v. State, 34 Texas Crim. Rep., 203; Bolton v. State, 43 S. W. Rep., 1010.

.The only other question suggested for consideration is the alleged insufficiency of the evidence. The evidence of the State's witness was sufficient to justify the verdict of the jury. He testified he gave appellant 25 cents to get him some whisky and that appellant shortly afterwards gave him a drink of whisky.

There being no error in the record requiring a reversal, the judgment is affirmed.

*Affirmed.*