### Judge Bussey v. The State.

#### No. 527.   Decided April 13, 1910.

#### Rehearing denied May 11, 1910.

**1.—Rape—Continuance—Impeaching Testimony.**

Where, upon trial for rape, the absent testimony set out in defendant's second application for continuance was of an impeaching character and probably not true, there was no error in overruling the application for continuance.

**2.—Same—Evidence—Age of Prosecutrix—Impeachment.**

Where, upon trial for rape, the State was permitted to introduce testimony that the defendant's witness, who had testified to the age of the prosecutrix, gave the age of the prosecutrix to the State's witness who put it down in a census report, there was no error, inasmuch as the court in his charge limited the effect of this testimony to the question of impeachment.

Appeal from the District Court of Shelby. Tried below before the Honorable James I. Perkins.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Bryarly, Carter & Walker,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for rape on a girl under the age of consent with an assessed penalty of five years in the penitentiary.

The bill of indictment alleged the offense to have occurred on the 15th day of April, 1907. Appellant was brought to trial at the August term of the District Court of Shelby County, 1909. The indictment was presented in the District Court March 7, 1908. After the State announced ready for trial appellant made application for a continuance

for the want of the testimony of two witnesses, to wit: J. E. Burton who resided in Panola County, and Dora Roberts, who resided in Timpson, Shelby County, Texas. This was the second application for a continuance. The application does not disclose when the process was sued out for either of the witnesses. However, it is stated that the witness Burton was in attendance upon court at the February term. Why the witness Burton was not at court, the bill of exceptions and application for continuance do not disclose. Appellant claims that he could prove by the witness Dora Roberts, that the prosecutrix, Ima Bussey, told her that she was pregnant and that her pregnancy resulted from intercourse between herself and one Buford Benton, who she claimed had been keeping her for some time. This ground for continuance can not be considered as the testimony was contradictory and impeaching in its character, and a continuance will not be granted for the purpose of procuring testimony to impeach a witness. Appellant, by the witness Burton, expected to prove an alibi and that is, that on the 15th day of April, 1908, the defendant was working for him in Panola County and had been for some time previous thereto and was for a long time thereafter at work for him. The testimony of all the witnesses in the case located by direct testimony, and circumstantially, that the offense, if committed, was committed on the 15th day of April, 1907, or about that time, while the application shows that appellant could prove where he was by the witness Burton along about the 15th of April, 1908, a year thereafter. This may be a mistake in the record as to the dates. However, the application is not sufficient in the first case because it fails to show how far Panola County was from the home of prosecutrix. The court judicially knows the geography of the country and knows that Panola County lies north of Shelby County and adjoining it. How far the place appellant was at work for Burton was from the home of prosecutrix is not shown by the record. It does not show that he lived such a distance that he could not have been at home every night. In fact, his own wife when on the witness stand testified that on the second night in May appellant was at home and went with her to preaching on that night. She further testified that appellant was working for Burton in Panola County, along in April, but she does not state that he was not at home during any of that time. A witness by the name of Davis testified that the defendant was working for Burton getting out staves along in the latter part of April, when she visited her sister close to where appellant was at work. The offense is alleged to have occurred on Saturday night. It may have been true that appellant was working for Burton, who he says was a white man, yet from the appellants' wife's testimony, he could be at home Saturday nights and Sundays. In the state of the record in the case, and in view of the uncertain character of the testimony as disclosed in the application for continuance and the same being a sec-

ond application, we are of opinion that the court below was not in error in overruling said application.

The next bill of exceptions was to the action of the court in permitting the State to prove by the witness John Weir that he was a school trustee in April, 1907, and that Phillis Bussey, the wife of appellant, gave the age of Ima Bussey to be thirteen years, at that time and that he put the same down on the census report and that she either signed it, or he signed it by her authority. This was objected to first upon the ground that the same did not conclusively show whether it was the original or a copy; second, because the appellant could not be bound by the same as he was not present nor a party to said rendition, and, third, because Phillis Bussey was not shown to be the mother of the prosecutrix, Ima Bussey. This testimony was permitted by the court for the purpose of impeaching Phillis Bussey who testified that Ima Bussey was over sixteen years of age at the time of the alleged offense. The court in his charge to the jury limited the effect of 'this testimony, and specifically directed the jury that the same could not be considered by them in any way as proof to show the age of Ima Bussey but was only admissible as affecting the credibility of the witness Phillis Bussey. We think this testimony was admissible to contradict the testimony of Phillis Bussey who claimed that this child was born before she and her husband married and that they married in 1893, and that this child was two or three years old when they married. No objection was made— at least the bill of exceptions does not disclose that the testimony was objected to—because the witness was the wife of the appellant and that it was the bringing out of new matter. We are not prepared to say what our ruling would be had this objection been made, but in the manner in which the bill of exceptions is presented to this court and the grounds of the objection being considered only, we find that it is not subject to the objection urged by counsel. The witness Weir testified that he was pretty certain that it was the original census report. We are of opinion that the court did not err in admitting the testimony.

The charge of the court seems to be correct and presents the law as favorably to the appellant as the facts would authorize.

Finding no error, the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied May 11, 1910.—Reporter.]