## M. E. MELTON v. THE STATE.

### No. 1353. Decided November 8, 1911.

**1.—Swindling—Continuance—Impeaching Testimony.**

Where, upon trial of swindling, the absent testimony was of an impeaching nature and immaterial, there was no error in overruling the application for continuance.

**2.—Same—Postponement—Bill of Sale.**

Where the application for postponement did not show proper diligence to obtain the alleged bill of sale, and it developed upon trial that if said instrument had been produced, it could not have been genuine, there was no error in overruling a motion for new trial.

**3.—Same—Variance—Check.**

Where, upon trial of swindling, there was no such variance as to the alleged checks so as to render the same inadmissible, there was no reversible error.

**4.—Same—Charge of Court.**

Where, upon trial of swindling, the charge of the court was peculiarly applicable to defendant's contention and more favorable than necessary, there was no error.

**5.—Same—Remarks by Court—Bills of Exceptions.**

Where there was no bill of exceptions to the remarks by the court, the same could not be considered on appeal.

**6.—Same—Charge of Court—Weight of Evidence.**

Where the charge of the court left the issue of fact to the jury, it was not on the weight of the evidence.

**7.—Same—Sufficiency of the Evidence.**

Where, upon the trial of swindling, the evidence sustained a conviction, there was no error.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of swindling; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted by the grand jury of Ellis County, charged with swindling, the property alleged to be of the value of more than fifty dollars. When tried he was adjudged guilty, and his punishment assessed at seven years confinement in the penitentiary.

The first contention of appellant is that the court erred in overruling his application to continue or postpone the cause on account of the absence of Mrs. E. C. Mitchell, a witness by whom he stated he expected to prove that she heard appellant ask Mr. Mitchell if he would sell the mules, to which question Mr. Mitchell responded he would take seven hundred dollars for the mules. Mr. Mitchell does not deny this conversation, but states such conversation did take place, only placing the conversation at a different place from that where appellant states it occurred, appellant saying this would have served the purpose of impeaching the witness Mitchell. We do not see what could have been accomplished by the witness stating that such conversation took place at a different place, when it is undisputed that the conversation occurred just as stated in the application. Again, the court will not continue a case on account of the absence of a witness whose testimony would only tend to impeach another witness. (Garrett v. State, 37 Texas Crim. Rep., 198; Butts v. State, 35 Texas Crim. Rep., 364.)

In his second bill of exceptions appellant insists that a postponement should have been granted to enable him "to procure from among his effects all of which are in possession of defendant's brother, George Gray, at Mountain View, Oklahoma, a bill of sale which E. C. Mitchell gave to this defendant at the time he bought the mules from Mitchell, and which bill of sale would have shown the title to the mules to have been in this defendant at the time he sold the mules to L. C. Mims. The court in approving the bill states: "At the time the defendant in this case was indicted, two bills of indictment were returned against him, one for the theft of the mules in question from E. C. Mitchell and the other, the indictment in this case. The case charging him with theft of the mules was tried on December 1, 1910; at the time of that trial the defendant made an application for a postponement or a continuance of that case on account of this same bill of sale, claiming that it was either in the possession of one George Gray, a brother, or in the possession of another brother of his, at another and different place, or that it was in a certain bank, claiming that he was not sure at that time where it was. After the conviction in that cause it does not appear from the application here that the defendant ever made any effort to secure such a bill of sale and no reason is shown why he did not have the bill of sale, if there was such a one in existence. This cause was set for trial on April 10, 1911; an order was made setting the case for trial on May 2, 1911, and no effort seems to have been made to secure such a bill of sale. The court is also referred to the testimony of E. C. Mitchell, in the statement of facts, with reference to this alleged bill of sale. From all the testimony in the case it appears to the court that if such a bill of sale had been produced, the same would probably not have been a genuine instrument, and therefore the motion for a new trial with reference thereto was overruled, even if the application had been treated as a sufficient application for a postponement."

It is thus seen that no diligence was used to obtain the bill of sale—that from the time appellant must have known he would need such instrument, if he had a bill of sale, more than five months elapsed until the trial of this cause, and in the motion to postpone nor in the bill of exceptions reserved, no ground is assigned for his negligence. After reading the testimony, we agree with the trial judge that if such instrument had been produced it would not have been a genuine instrument. The court did not err in overruling the application.

It appears from the evidence that the charge of swindling is based on the sale of a pair of mules by appellant to L. C. Mims, which he represented he owned, and for which Mims agreed and did pay him five hundred dollars, the payment being made by a check on the Ennis National Bank for that sum. The check is set out in the indictment, and is thus described:

"Ennis, Texas, Sept. 6, 1910.     No. 249
Ennis National Bank
Pay to M. E. Melton or order $500.00
Five Hundred ———— Dollars
L. C. Mims,"

with the following printed on the left end of said check: "L. C. MIMS. I buy and sell Horses and Mules the year round."

This check was offered in evidence, to which the appellant objected on the ground that the check had the name "M. E. Melton" written on the back thereof, which makes a material variance between the check described in the indictment, and the check offered in evidence. The check when acquired by appellant from Mims did not have this name endorsed thereon, and the indictment set the check out as obtained by appellant from Mims. There was no such variance as to render the check inadmissible, and the proof was positively made by the witness Mims that he gave appellant the check, and went with him to the bank, introduced him to the banker, and saw him obtain the money that he is alleged to have obtained by the means alleged in the indictment. The court charged the jury:

"If you believe from the evidence that the defendant bought the mules in question from one E. C. Mitchell, and that their minds met on the terms of the trade and the terms of the payment, and that said Mitchell accepted twenty dollars in part payment therefor, and then delivered the possession of said mules to defendant, relying on his promise for the subsequent payment of the balance, then the title to said mules passed to defendant, and if you find the facts so to be or if you have a reasonable doubt thereof you must acquit the defendant."

The appellant objects to this charge, because it makes it necessary that Mitchell must have received twenty dollars in part payment for the mules before the title could pass to defendant. If this charge did not affirmatively present the contention of appellant, we fail to understand the case. While it is true, title could pass without the payment of any money, yet the charge was peculiarly applicable to the contention of appellant in this case, and was as favorable as it could have possibly been framed under the evidence.

The ground in the motion complaining of remarks alleged to have been made by the court can not be considered by us. If any such remarks were made by the court, no bill of exceptions was reserved, and in the absence of a bill we can not presume that such remarks were made, and if the remarks were made: "I will not allow you to impeach your own witness," if appellant was trying to impeach his own witness, the remarks would not be very inappropriate and could not result in injury to appellant.

Paragraph three of the court's charge is not upon the weight to be given to the testimony. Said paragraph merely instructed the

jury if "they believed" from the evidence beyond a reasonable doubt the allegations contained in the indictment, they would find defendant guilty, and such charge has been often approved by this court.

The evidence shows that appellant sold a pair of mules belonging to Mitchell to Mims for five hundred dollars, representing he was the owner of the mules, that by such representations he obtained the sum of five hundred dollars, and amply supports the verdict.

The judgment is affirmed.

*Affirmed.*