### CLARK GILES v. THE STATE.

No. 2485.   Decided May 28, 1913.

**1.—Local Option—Information—Unlawful.**

It is not necessary to allege in the complaint and information that the sale was unlawful, in a prosecution for a violation of the local option law.

**2.—Same—Continuance—Impeaching Testimony.**

Where the alleged absent testimony was of an impeaching character, the court correctly overruled the application for a continuance.

**3.—Same—Sufficiency of the Evidence.**

Where the evidence was conflicting, but sufficient to prove a sale of intoxicating liquors in local option territory, the same was sufficient to sustain the conviction.

Appeal from the County Court of Sabine. Tried below before the Hon. J. B. Lewis.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

The affidavit is attacked because it does not allege that the sale was "unlawful." The word "unlawful" is not necessary to be stated in the pleadings charging a violation of the local option law. The complaint and information are sufficient to charge the offense.

Appellant filed an application for a continuance on account of the testimony of one W. S. Smith, alleging that Smith was foreman of the grand jury, and the complaining witness was before the grand jury. Smith was wanted to impeach the complaining witness on a certain statement which was supposed to be contrary to his testimony on the trial of the case. As a rule applications for continuance to secure impeaching testimony should not be granted. It seems that this testimony was only impeaching, and, therefore, the court did not err in overruling the application. The issue was sharply drawn, the witness for the State testifying he bought the whisky from appellant and appellant denies this emphatically. This was a matter for the jury, and this court would not be justified under the decisions to reverse the judgment for this reason.

The judgment is affirmed.                                *Affirmed.*