## STEWART v. STATE. (No. 3367.)

(Court of Criminal Appeals of Texas. Jan. 6, 1915. On Motion for Rehearing, Feb. 3, 1915.)

1. CRIMINAL LAW (§ 304*)—EVIDENCE—JUDICIAL NOTICE.

The court will take judicial knowledge that beer is intoxicating.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 700-717, 2951½; Dec. Dig. § 304.*]

2. CRIMINAL LAW (§ 939*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Where, on a trial for selling liquor in local option territory, a state's witness testified to buying beer from accused in the presence of two men whose names he did not know, accused could not obtain a new trial on the ground of newly discovered testimony of two persons claiming to have been present at the time testified to by the state's witness; the two persons being present in the courtroom during the trial, and one of them aiding accused's counsel in selecting the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2318-2323; Dec. Dig. § 939.*]

3. CRIMINAL LAW (§ 939*) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

A new trial for newly discovered evidence cannot be granted, unless accused was ignorant of the existence of the evidence at the time of the trial, and that it was not on account of want of diligence on his part that he did not discover its existence prior to the trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2318-2323; Dec. Dig. § 939.*]

4. CRIMINAL LAW (§ 942*) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE—IMPEACHING EVIDENCE.

A new trial will not be granted on the ground of a newly discovered witness who will impeach or discredit a state's witness.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2316, 2331, 2332; Dec. Dig. § 942.*]

Appeal from Smith County Court; Jesse F. Odom, Judge.

Frankie Stewart was convicted of violating the local option law, and appeals. Affirmed.

Simpson, Lasseter & Gentry, of Tyler, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of violating the local option law, and her punishment assessed at imprisonment in the county jail for 20 days and a fine of $25.

After proving that prohibition was in force in Smith county, the state introduced J. S. Foulkes, who testified:

"I know the defendant, Frankie Stewart, and know where she lives. I bought beer from her at her house on the night of May 16, 1914. H. L. Tackett and myself were engaged at that time by ·N. W. Brooks, county attorney, to procure evidence of violations of the local op-

tion law in Tyler. On this occasion, we went to Frankie Stewart's place with two railroad men. I do not know their names and did not ask their names. It was about 9:30 or 10 o'clock that night when we went to the house of the defendant, and we stayed there until about 11 o'clock. While there, we had beer for all four of us twice, and I paid for it each time. Paid 50 cents a bottle for it, and had four bottles the first time and five bottles the other time. It was served to us in glasses, and I could not buy any to take away from the house. I went back to the toilet and there was a cask partly full of beer in there, and I took a bottle of it and brought it away and gave it to the county attorney the next morning. The bottle exhibited here now is the one I brought away from there that night. It is labeled, 'Southern Select,' and shows to be put up by the Houston Ice & Brewing Company. This transaction occurred in Smith county, Tex., on May 16, 1914."

The defendant testified denying that she sold any beer to state's witness, and denied that she had or kept beer for sale at her house.

[1] Appellant contends that, as no witness testified that beer is an intoxicating liquor, she was entitled to an acquittal. We decided this question adversely to appellant in Moreno v. State, 64 Tex. Cr. R. 660, 143 S. W. 156, Ann. Cas. 1914C, 863, and while we have read the brief filed by appellant's able counsel, and the authorities there cited, our opinion of the question is not changed, and we still hold that "beer" as sold and handled in this state is judicially known to be an intoxicating liquor, as is whisky, alcohol, etc.

[2] The only other assignment discussed in appellant's brief, and the only one we deem it necessary to mention, is the one relating to what is termed "newly discovered evidence." In her motion she alleges that Walter Story and A. B. Campbell were the men with Foulkes on the night of May 16th, when he was at her house, and they would swear she sold Foulkes no beer; that no beer was drunk at her house that night, and the only thing that they did drink was whisky out of a bottle that Foulkes carried there with him. She attaches the affidavits of both Story and Campbell, and they both state they would so testify. The state contested the motion, and by affidavit showed that both Story and Campbell were in attendance on court and were present during the trial of appellant; that Campbell aided appellant's counsel in selecting the jury. If Campbell and Story were at her house in company with Foulkes on the night in question, appellant knew that fact as well before and during the trial as she did after the trial was over; they were both there in attendance on court, and she should then have placed them on the witness stand if she desired their testimony. It can in no sense be claimed to be newly discovered testimony, because the affidavits make it apparent that appellant knew, as well as did Campbell and Story, they were the two "railroad men" who accompanied Foulkes. But the record makes it clear that neither of them are railroad men. When Foulkes testified that two men were with him, whose names he could not call, if, as a fact, Story and Campbell were the men, she knew that fact then, and could have called both of them, as they were sitting there in the courtroom. She, in her motion for a new trial, says that the "men drank whisky while at her house and she reprimanded them," and if so, of course, she knew who they were. If they had not been in attendance on court, she should have asked for process for the two men, and the case postponed until they could be obtained. But this was not even necessary in this instance, for the record discloses both were present in the courtroom; one of them aiding her counsel in selecting the jury. She could not proceed with the trial without calling the witnesses, they both being in the courtroom, and then ask for a new trial on account of their testimony.

[3] In Judge White's Procedure the rule is correctly stated to be:

"Where the motion shows upon its face that it is improbable that the defendant could have been ignorant of the existence of the alleged newly discovered evidence, the new trial should be denied. It must appear that he was ignorant that such evidence did in fact exist when he was tried, that a knowledge that it does exist has been obtained by him since the trial, and that it was not on account of a want of diligence on his part that he did not discover its existence prior to his trial. It must be clearly apparent that the evidence came to his knowledge since the trial. Price v. State, 36 Tex. Cr. R. 403, 37 S. W. 743; Blount v. State, 34 Tex. Cr. R. 640, 31 S. W. 652; Burton v. State, 33 Tex. Cr. R. 138, 25 S. W. 782; Shell v. State, 32 Tex. Cr. R. 512, 24 S. W. 646; Fisher v. State, 30 Tex. App. 502, 18 S. W. 90; Makinson v. State, 16 Tex. App. 133; Duval v. State, 8 Tex. App. 370; Hutchinson v. State, 6 Tex. App. 468; Darnell v. State, 6 Tex. App. 482; Evans v. State, 6 Tex. App. 513; Gross v. State, 4 Tex. App. 249; Williams v. State, 4 Tex. App. 255; Walker v. State, 3 Tex. App. 70."

[4] She also alleges that she did not know, and could not ascertain, the place of residence of the witness Foulkes until the day of trial; that on the trial he testified he had formerly lived at Waco, Corsicana, and other places; that since the trial she has learned that the reputation of Foulkes, when he lived at Waco, for truth and veracity, was bad, and she attaches the affidavit of several citizens of Waco who so state. Does the fact that she, since the trial, has learned she can secure witnesses who will testify that the state's witness' reputation for truth and veracity is bad, furnish ground upon which to grant a new trial? If so, this is a case in which the new trial should have been granted, for the state relied solely upon the testimony of Foulkes to secure a conviction. She denied making the sale as positively as he testified that she did sell to him. There is nothing to show that her reputation for truth and veracity is bad, and we must presume that it is good. However, it seems to have been the unvarying rule in this court to uphold the ruling of the trial court in refusing to grant a new trial for this character

of testimony—that the reputation of the prosecuting witness for truth and veracity is bad. In White's Ann. Code Cr. Proc. the rule is stated to be: Newly discovered evidence will not authorize a new trial if the purpose of such evidence be merely to impeach or discredit a witness who has testified for the state; citing a number of authorities in subdivision 8 of section 1149. The testimony must be of that degree of force and cogency that if the witness had been known, and legally summoned, his absence would have been ground for a continuance. We have received advance sheets of a few chapters of Mr. Branch's Annotated Penal Code, and in that it is shown that a continuance will not be granted for testimony of purely an impeaching or discrediting nature; citing Rodgers v. State, 36 Tex. Cr. R. 563, 38 S. W. 184; Garrett v. State, 37 Tex. Cr. R. 198, 38 S. W. 1017; Shaw v. State, 39 Tex. Cr. R. 173, 45 S. W. 597; Martin v. State, 41 Tex. Cr. R. 242, 53 S. W. 849; Scott v. State, 43 Tex. Cr. R. 597, 68 S. W. 177; Powell v. State, 49 Tex. Cr. R. 474, 93 S. W. 544; Early v. State, 51 Tex. Cr. R. 385, 103 S. W. 868, 123 Am. St. Rep. 889; Gee v. State, 57 Tex. Cr. R. 151, 122 S. W. 23; Bolton v. State, 43 S. W. 1010; Patton v. State, 58 Tex. Cr. R. 231, 125 S. W. 24; Trinkle v. State, 59 Tex. Cr. R. 259, 127 S. W. 1060; Bussey v. State, 59 Tex. Cr. R. 260, 127 S. W. 1035; Rushing v. State, 62 Tex. Cr. R. 309, 137 S. W. 372; Stephens v. State, 63 Tex. Cr. R. 382, 139 S. W. 1144; Melton v. State, 63 Tex. Cr. R. 573, 140 S. W. 781; Fifer v. State, 64 Tex. Cr. R. 203, 141 S. W. 992; Wade v. State, 144 S. W. 247; Wragg v. State, 145 S. W. 343; Robinson v. State, 145 S. W. 345; Loggins v. State, 149 S. W. 170; Fletcher v. State, 153 S. W. 1135; Caples v. State, 155 S. W. 267; Giles v. State, 157 S. W. 943.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant in her motion for rehearing earnestly insists that we erred in not granting her a new trial on account of the alleged newly discovered testimony of Campbell and Story, and says, among other things:

"With all due deference to the justice who wrote the opinion, we state that nowhere in the motion for new trial, nor in appellant's testimony, did she state that 'the men drank whisky while at her house and she reprimanded them.'"

Appellant's motion for a new trial is sworn to by her on the 28th day of September, 1914, before L. N. Cross, county clerk, and without copying the entire fourth ground in the motion for a new trial, we take the following excerpts therefrom:

"Witness will further testify that there was no beer served or sold in the parlor at Frankie Stewart's to Foulkes or any one else; that, from the time they arrived there until they left, they remained in the parlor, except a short time they were out in the hall when the witness Foulkes gave to each of the parties above named some whisky; that Frankie Stewart (appellant) reprimanded them for drinking."

Again, she states she expects to prove on another trial:

"That the witness Foulkes had some whisky and gave part of it to the witness and to Walter Story, drank some himself, and gave some to another gentleman with him in the hall, and that Frankie Stewart (appellant) told them she did not want them drinking at her place."

These are literal excerpts from the fourth ground of her motion for new trial and which she swears is true, and appellant's counsel must not have read it recently, or he would not make an allegation of the above character in the motion for rehearing. The alleged newly discovered evidence must appear to be in fact newly discovered, and such as could not by a reasonable exercise of diligence have been discovered in time for the trial. Butts v. State, 35 Tex. Cr. R. 364, 33 S. W. 866, and cases cited in original opinion.

It is hard for one to conceive that Story and Campbell knew that appellant "reprimanded them for drinking whisky in her house," and appellant did not know that she gave the reprimand.

The motion for rehearing is overruled.