Appellant was convicted of violating the local option law, and her punishment assessed at imprisonment in the county jail for twenty days and a fine of $25.
After proving that prohibition was in force in Smith County, the State introduced J.S. Foulkes, who testified:
"I know the defendant, Frankie Stewart, and know where she lives. I bought beer from her at her house on the night of May 16, 1914. H.L. Tackett and myself were engaged at that time by N.W. Brooks, county attorney, to procure evidence of violations of the local option law in Tyler. On this occasion we went to Frankie Stewart's place with two railroad men. I do not know their names and did not ask their names. It was about 9:30 or 10 o'clock that night when we went to the house of the defendant, and we stayed there until about 11 o'clock. While there we had beer for all four of us twice, and I paid for it each time. Paid 50 cents a bottle for it, and had four bottles the first time and five bottles the other time. It was served to us in glasses and I could not buy any to take away from the house. I went back to the toilet and there was a cask partly full of beer in there and *Page 53 
I took a bottle of it and brought it away and gave it to the county attorney the next morning. The bottle exhibited here now is the one I brought away from there that night. It is labelled `Southern Select,' and shows to be put up by the Houston Ice 
Brewing Co. This transaction occurred in Smith County, Texas, on May 16, 1914."
The defendant testified, denying that she sold any beer to State's witness, and denied that she had or kept beer for sale at her house.
Appellant contends that as no witness testified that beer is an intoxicating liquor she was entitled to an acquittal. We decided this question adversely to appellant in Moreno v. State,64 Tex. Crim. 660, 143 S.W. Rep., 156, and while we have read the brief filed by appellant's able counsel, and the authorities there cited, our opinion of the question is not changed, and we still hold that "beer" as sold and handled in this State is judicially known to be an intoxicating liquor, as is whisky, alcohol, etc.
The only other assignment discussed in appellant's brief, and the only one we deem it necessary to mention is the one relating to what is termed newly discovered evidence. In her motion she alleges that Walter Story and A.B. Campbell were the men with Foulkes on the night of May 16th, when he was at her house, and they would swear she sold Foulkes no beer; that no beer was drunk at her house that night, and the only thing that they did drink was whisky out of a bottle that Foulkes carried there with him. She attaches the affidavits of both Story and Campbell, and they both state they would so testify. The State contested the motion, and by affidavit show that both Story and Campbell were in attendance on court and were present during the trial of appellant; that Campbell aided appellant's counsel in selecting the jury. If Campbell and Story were at her house in company with Foulkes on the night in question, appellant knew that fact as well before and during the trial as she did after the trial was over; they were both there in attendance on court and she should then have placed them on the witness stand if she desired their testimony. It can in no sense be claimed to be newly discovered testimony, because the affidavits make it apparent that appellant knew as well as did Campbell and Story they were the two "railroad men" who accompanied Foulkes. But the record makes it clear that neither of them are railroad men. When Foulkes testified that two men were with him, whose names he could not tell, if as a fact, Story and Campbell were the men. She knew that fact then, and could have called both of them, as they were sitting there in the courtroom. She, in her motion for a new trial, says that the "men drank whisky while at her house and she reprimanded them," and if so, of course, she knew who they were. If they had not been in attendance on court, she should have asked for process for the two men, and the case postponed until they could be obtained. But this was not even necessary in this instance for the record discloses both were present in the courtroom, one of them aiding her counsel in selecting the jury. She could not proceed with the trial without calling the witnesses, they both being in the courtroom, and then ask for a new trial on account of their testimony. *Page 54 
In Judge White's Procedure the rule is correctly stated to be:
"Where the motion shows upon its face that it is improbable that the defendant could have been ignorant of the existence of the alleged newly discovered evidence the new trial should be denied. It must appear that he was ignorant that such evidence did in fact exist when he was tried. That a knowledge that it does exist has been obtained by him since the trial, and that it was not on account of a want of diligence on his part that he did not discover its existence prior to his trial. It must be clearly apparent that the evidence came to his knowledge since the trial. Price v. State, 36 Tex.Crim. Rep.; Blount v. State,34 Tex. Crim. 640; Burton v. State, 33 Tex.Crim. Rep.; Shell v. State, 32 Tex.Crim. Rep.; Fisher v. State, 30 Texas Crim. App., 502; Makinson v. State, 16 Texas Crim. App., 133; Duval v. State, 8 Texas Crim. App., 370; Hutchinson v. State, 6 Texas Crim. App., 468; Darnell v. State, 6 Texas Crim. App., 482; Evans v. State, 6 Texas Crim. App., 513; Gross v. State, 4 Texas Crim. App., 249; Williams v. State, 4 Texas Crim. App., 255; Walker v. State, 3 Texas Crim. App., 70."
She also alleges that she did not know and could not ascertain the place of residence of the witness Foulkes until the day of trial. That on the trial he testified he had formerly lived at Waco, Corsicana and other places; that since the trial she has learned that the reputation of Foulkes, when he lived at Waco, for truth and veracity was bad, and she attaches the affidavit of several citizens of Waco who so state. Does the fact that she since the trial has learned she can secure witnesses who will testify that the State's witness' reputation for truth and veracity is bad, furnish ground upon which to grant a new trial? If so, this is a case in which the new trial should have been granted, for the State relied solely upon the testimony of Foulkes to secure a conviction. She denied making the sale as positively as he testified that she did sell to him. There is nothing to show that her reputation for truth and veracity is bad, and we must presume that it is good. However, it seems to have been the unvarying rule in this court to uphold the ruling of the trial court in refusing to grant a new trial for this character of testimony — that the reputation of the prosecuting witness for truth and veracity is bad. In White's Ann. Proc. the rule is stated to be: Newly discovered evidence will not authorize a new trial if the purpose of such evidence be merely to impeach or discredit a witness who has testified for the State, citing a number of authorities in subdivision 8 of section 1149. The testimony must be of that degree of force and cogency that if the witness had been known, and legally summoned, his absence would have been ground for a continuance. We have received advance sheets of a few chapters of Mr. Branch's Annotated Penal Code and in that it is shown that a continuance will not be granted for testimony of purely an impeaching or discrediting nature, citing: Rodgers v. State, 36 Tex. Crim. 563, 38 S.W. Rep., 184; Garrett v. State, 37 Tex. Crim. 198, 38 S.W. Rep., 1017; Shaw v. State, 39 Tex. Crim. 161, 45 S.W. Rep., 597; Martin v. State, 41 Texas Crim. Rep., *Page 55 
242, 53 S.W. Rep., 849; Scott v. State, 43 Tex.Crim. Rep., 68 S.W. Rep., 177; Powell v. State, 49 Tex.Crim. Rep., 93 S.W. Rep., 544; Early v. State, 51 Tex.Crim. Rep., 103 S.W. Rep., 868; Gee v. State, 57 Tex.Crim. Rep., 122 S.W. Rep., 23; Bolton v. State, 43 S.W. Rep., 1010; Patton v. State, 58 Tex.Crim. Rep., 125 S.W. Rep., 24; Trinkle v. State,59 Tex. Crim. 257, 127 S.W. Rep., 1060; Bussey v. State,59 Tex. Crim. 260, 127 S.W. Rep., 1035; Rushing v. State,62 Tex. Crim. 309, 137 S.W. Rep., 372; Stephens v. State,63 Tex. Crim. 382, 139 S.W. Rep., 1144; Melton v. State,63 Tex. Crim. 573, 144 S.W. Rep., 781; Fifer v. State,64 Tex. Crim. 203, 141 S.W. Rep., 992; Wade v. State,65 Tex. Crim. 125, 144 S.W. Rep., 247; Wragg v. State,65 Tex. Crim. 131, 145 S.W. Rep., 343; Robinson v. State,66 Tex. Crim. 138, 145 S.W. Rep., 345; Loggins v. State,67 Tex. Crim. 438, 149 S.W. Rep., 170; Fletcher v. State,69 Tex. Crim. 135, 153 S.W. Rep., 1135; Caples v. State,69 Tex. Crim. 394, 155 S.W. Rep., 267; Giles v. State,66 Tex. Crim. 638, 157 S.W. Rep., 943.
The judgment is affirmed.
Affirmed.
 ON REHEARING. February 3, 1915.