### Curtis Robinson v. The State.

#### No. 1605.   Decided March 13, 1912.

#### Rehearing Denied March 27, 1912.

**1.—Aggravated Assault—Continuance—Reputation.**

A continuance will not be granted to secure a witness to testify to the good character of the defendant, or to impeach the prosecuting witness.

**2.—Charge of Court—Circumstantial Evidence.**

Where, upon trial of aggravated assault, there was direct evidence, there was no error in the court's failure to charge on circumstantial evidence.

**3.—Same—Adult Male.**

Where defendant was charged with making an assault on a woman, and the evidence showed that the person assaulted was a woman and defendant an adult male, the conviction was sustained.

Appeal from the County Court of Harrison.   Tried below before the Hon. George I. Huffman.

Appeal from a conviction of aggravated assault; penalty, a fine of $50 and ninety days confinement in the county jail.

The opinion states the case.

*Beard & Davidson,* for appellant.—On question of continuance: Hart v. State, 15 Texas Crim. App., 202; Suit v. State, 17 S. W. Rep., 458.

On question of circumstantial evidence:   Martin v. State, 32 Texas Crim. Rep., 441.

On question of adult male:   Schenault v. State, 10 Texas Crim. App., 410.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted, tried and convicted under an information charging him with making an assault on a

woman, and his punishment assessed at ninety days in jail and a fine of $50.

The appellant filed an application to continue the case on account of the absence of witnesses by whom he stated he expected to prove that the main prosecuting witness, "had a bad reputation for truth and veracity, and his (appellant's) reputation for peace was good; that the prosecuting witness had other enemies besides himself in the community." It was amply proven that the prosecuting witness received a severe whipping at the hands of some person, and the court did not err in overruling the application. It has been repeatedly held by this court that a continuance will not be granted to secure a witness to testify to the good character of a defendant (Parks v. The State, 35 Texas Crim. Rep., 378); neither will a continuance be granted on account of the absence of witnesses whose testimony would tend to impeach the prosecuting witness (Butts v. State, 35 Texas Crim. Rep., 364). The fact she had "other enemies in the community" would not be ground for continuance in this case, for she testifies some seven or eight were present on this occasion, some of whom she recognized, one of them being the appellant.

The only other bill of exceptions in the record relates to the failure of the court to charge on circumstantial evidence, and his refusal to give the special charge requested. The court did not err in these respects. The prosecuting witness positively identified appellant as one of the persons engaged in taking her out at night and administering to her an unmerciful whipping, Mr. M. A. Steelman, testifying: "On Saturday this woman came to me at Harleton and said she had been whipped. Dr. Bassett and I examined her person. She was bruised and hurt from about the bend of her knees up to the small of her back. The skin was lacerated in many places and looked as if she had been whipped solidly from her knees up. She had been badly whipped and bruised."

The contention made that there is no proof that appellant is an adult male person is not well founded. He is referred to as a man throughout the record, and his mother testifies he is twenty-seven years of age, and there was no error in the court instructing the jury that if they believed beyond a reasonable doubt that defendant made an assault on Dora Williams he would be guilty of an aggravated assault. The evidence, and all the evidence, established that the person assaulted was a woman, and defendant, an adult male person. Neither is the verdict cruel and excessive as contended. If men take a woman from her bed at night, blindfold her and strip her, carry her to a field, and administer the character of whipping the evidence would indicate, the punishment assessed in this case is none too severe.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 27, 1912.—Reporter.]