## STONEWALL BLOUNT v. THE STATE.
### No. 790.    Decided June 22.

1. **Theft—Voluntary Return of Stolen Property.**—Where, on a trial for theft, the evidence showed that when defendant was found in possession of the hogs, with their ears recently cut and marks changed, he offered to sell them and turn over the proceeds to the owner, and that he afterwards did return the hogs to the owner, *Held*, that this was not a voluntary return of the property, under the statutes. Penal Code, art. 738.

2. **Charge of Court—Misdemeanor Theft.**—Where, on a trial for theft, the evidence shows conclusively, and was undisputed, that the value of the hogs was considerably in excess of $20, *Held*, it was not error for the court to fail to charge the punishment applicable to a misdemeanor theft.

3. **Hog-Theft—Charge of Court—Ameliorated Punishment.**—Where, on a trial for hog-theft, it was shown that the offense was committed before the passage of an act reducing the penalty, and the trial was had after the said act became a law, *Held*, it was proper for the court to charge the law as it existed at the time of the trial, as defendant was entitled to the ameliorated punishment, unless he elected to be punished under the former law.

4. **Practice—New Trial—Newly Discovered Evidence.**—Where, on motion for a new trial on the ground of newly discovered evidence, and the evidence was

known to appellant before his trial, and process had been issued to compel witness to attend the trial and testify in appellant's behalf, *Held*, the motion was properly overruled, defendant having failed to ask a continuance or postponement on account of the absence of such witness.

APPEAL from the District Court of Llano.    Tried below before Hon. W. M. ALLISON.

Appellant was convicted of hog-theft, and his punishment assessed at confinement in the penitentiary for two years.

*W. T. Dalrymple* and *James Flack*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is a conviction for hog-theft, the verdict being two years' confinement in the penitentiary.

When found in possession of the hogs, with their ears freshly cut and marks changed, appellant proposed to sell the hogs and pay the owner the proceeds of the sale, and later he offered to and did return them to the owner.   This evidence does not bring these offers and the return of the property within the terms of the statute reducing the punishment where the stolen property is voluntarily returned by the taker.   This was not a voluntary return of the property.   Willson's Crim. Stats., secs. 1286, 1287.

Nor did the court err in failing to charge the punishment applicable to a misdemeanor theft.   The undisputed evidence is that the hogs were worth considerably over $20.

It is contended the court erred in charging the punishment prescribed by the Act of 1893, which is not less than two years nor more than four years in the penitentiary.   Under the former law, the punishment for hog-theft, if felony, was not less than two nor more than five years.   This offense was committed prior to the Act of 1893, but the cause was tried subsequently to its becoming a law.   In this state of case the ameliorated punishment should have been given, as was done in this case, unless the defendant had elected to be punished under the former law.   This he did not do; hence the charge as given, in this respect, is correct.   Penal Code, art. 15; Ledbetter v. The State (Texas Crim. App.), 29 S. W. Rep., 479.

The motion for a new trial, setting up newly discovered testimony, was properly overruled.   This evidence was known to appellant before his trial, and process had been issued for the witness to enforce his attendance at the trial to testify in appellant's behalf, and he went to trial without asking a continuance or postponement on account of the absence of the witness.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.