## Oscar Bowman v. The State.

No. 8159.  Decided November 14, 1924.

No motion for rehearing filed.

Sale of Intoxicating Liquors—New Trial—Newly Discovered Evidence—Diligence.

In his motion for a new trial, appellant set out the newly discovered evidence of Naomi Chapman, whom it was shown was the niece of appellant, and was at the home of appellant, where the transaction occurred during the entire day. No sufficient reason is shown why appellant should not have known of the testimony before the trial, and certainly the use of any reasonable diligence would have disclosed it, and we hold that proper diligence was not shown.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of sale of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Hall, Brown & Hall,* and Matt Cramer, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Harrison County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There is but one bill of exceptions in the record. This was taken to the action of the learned trial judge in refusing a motion for new trial, and asked in part because of the newly discovered evidence of Naomi Chapman. The motion for new trial states in general terms as follows: "Defendant says that he had no reason to believe, nor did he believe that the said witness Naomi Chapman, knew any fact or facts which would be beneficial to him on the trial of his case, nor could he have by the exercise of due diligence ascertained this fact from the said witness." The affidavit of the newly discovered witness was attached to the motion for new trial and she was brought before the court and gave oral testimony upon the hearing of same. The testimony given on the trial showed that two boys went to appellant's house about 2:30 on Sunday afternoon and saw appellant in his back yard and purchased from him a pint of whisky which he delivered to them in his barn, one of the boys paying him two dollars therefor. On the hearing of the motion for new trial the newly discovered witness tes-

tified that she was appellant's niece and went to his house about 9:30 on Sunday morning of the alleged sale and that she spent the day there, going home about 8 or 9 o'clock that night. She ate dinner with appellant and his family at noon. She testified that she heard a conversation between appellant and the boys who came after the whisky and that the one to whom it was delivered said that he wanted to get some whisky for his grandfather, and that appellant after asking him if he was sure he wanted it for his grandfather, gave him some whisky and that nothing was said about any price to be paid for the whisky or about charging for it. She located herself in the kitchen of the house at the time the conversation took place in the back yard, and testified that appellant delivered the whisky to the boys right by the steps leading into the house and that she was ten or twelve steps from them. She was positive in her statement that the whisky was not delivered to the boys in the barn or outhouse and stated that if appellant so testified on his trial that he was mistaken. The stenographic copy of appellant's testimony as given on the trial was read to her in which he stated that he handed the whisky to the boy in the barn because he did not want to deliver it in the yard, that it created talk and he did not want anybody to see him hand it to the boy; after hearing which she said that it was probably not whisky that she saw delivered, that they might have gone to the barn. She also testified that after her uncle delivered the whisky to the boys she saw him come into the house and that she went into the dining room, but that upon her return to the kitchen, appellant, and his mother were in there. Appellant did not testify upon the hearing of the motion for new trial.

We are unable to bring ourselves to believe that diligence is shown in support of the motion. The rules require that the accused show affirmatively that it was not owing to want of diligence on his part that the evidence was not discovered sooner and if the application is defective in establishing such essential 'a new trial will be refused. A large number of cases are cited by Mr. Vernon under subdivision 6 of Article 837 in support of this proposition. In Burton v. State, 33 Texas Crim. Rep., 138, this court said that evidence which could have been known to counsel for the defendant before trial was not newly discovered. In Reagan v. State, 28 Texas Crim. App., 238, it is said that evidence is not newly discovered where it could have been secured before the trial by the use of diligence. Blount v. State, 34 Texas Crim. Rep., 640; Butts v. State, 35 Texas Crim. Rep., 364, and Price v. State, 36 Texas Crim. Rep., 403, support the proposition that if the facts show that it is improbable that defendant was ignorant of the existence of the evidence, if it in fact existed, a new trial should be denied. As bearing on the allegations of appellant's motion, it is held in Wilson v. State, 37 Texas Crim. Rep., 156, that a motion does not disclose diligence where it merely alleges that the facts were not

known to the defendant and could not have been discovered by ordinary diligence. In Wheeler v. State, 34 S. W. Rep., 942, it is said that facts which could have been known to the defendant before the trial constitute no ground for granting a new trial. In Cooper v. State, 58 Texas Crim. Rep., 598, it is stated that where defendant must have known certain evidence alleged to be newly discovered and apparently made no effort to ascertain the witness' knowledge of the transaction, a new trial was properly denied. In Sellers v. State, 61 Texas Crim. Rep., 140, where it was shown that appellant made no effort to obtain the testimony or find out what would be testified by persons who were with him on the night of the difficulty, he is not entitled to a new trial.

The newly discovered witness was appellant's niece and was in his home all during the day of the visit of the boys to his house, according to her own testimony. She ate dinner with him at noon and the boys bought the whisky at 2:30. She says she met the boys at the door on the occasion of their visit and that she was in the kitchen a few steps away from the transaction at the time he delivered to them the whisky. Her version of where he delivered the whisky is totally variant from that of appellant and said boys. She further testified that she was in the house and in the room with him when he came back into the house immediately after the transaction. We cannot be mistaken when we say that in such condition it is not diligence for him to make no effort to ascertain what she knew about the transaction or what she had heard. He did place upon the witness stand his mother who was also in the house at the time the transaction took place and asked her what she heard and what all she saw.

There is but one other complaint and that is that the evidence does not support the conviction. Two boys 16 or 17 years of age testified that they agreed with two others to get some whisky and that they went to appellant's house and found him in his back yard, and one of them testifies that he got a pint of whisky from appellant and paid him two dollars for it. The other boy said he saw appellant deliver the whisky to his companion and his companion deliver money to appellant. We do not think the testimony of one of the boys that the county attorney told him that if he did not tell the truth he was facing the bars of the penitentiary, or that the boy admitted that he was scared by the statement, sufficient to cast any serious doubt upon the testimony of said boy. He repeated and reiterated the fact that appellant came to him a day or two after the transaction and told him to tell that the whisky was given to him for his grandfather, and the witness said that when brought before the county attorney that was his first statement, but when the county attorney told him that he was not telling the truth about it, that he then did tell to the county attorney the truth,—and that what he was testifying

on the stand about the purchasing the whisky from appellant was the truth. The veracity of witnesses is a question for the jury and we will rarely disturb their verdict because of attacks made upon the witness.

Believing that the record discloses no error, an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant renews complaint of the action of the lower court in refusing to grant his motion for new trial, and seems to take the position that because the affidavit attached to the motion for new trial was not formally controverted, same should have been taken as true. The only bill of exceptions in the record is to the action of the court in overruling said motion, and as part of said bill the entire oral testimony given by the alleged newly discovered witness, as given before the court upon the hearing, is set out. Where it appears from the record that the State introduced testimony upon the hearing of the motion for new trial, this is a sufficient controversy of the appellant's motion even though same was supported by affidavits and even though the record does not contain a formal controversy of said motion. Redford v. State, 262 S. W. Rep., 768; Harcrow v. State, 260 S. W. 1048.

This court sometimes reverses cases for the absence of sufficient testimony to support the conclusion of guilt, but when the positive testimony of a witness to the guilty facts appears in the record, and the reliance of the accused is upon impeachment of the witness, the rule that the jury are the judges of the credibility of the witnesses and of the facts proven ordinarily controls, and in such case this court rarely disturbs the verdict of the jury.

The motion for rehearing will be overruled.

*Overruled.*