GORDON (RED) BENNETT v. THE STATE.

No. 12199.   Delivered January 30, 1929.
Rehearing denied March 6, 1929.

The opinion states the case.

*E. A. Bills* of Littlefield, for appellant.

*Meade F. Griffin* of Plainview, District Attorney, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; punishment fixed at confinement in the penitentiary for a period of five years.

The following is the theory of the State as developed from the evidence: On the night of March 3rd there was a dance at the home of Mr. Nichols, about three miles from the town of Amherst. While the dance was in progress Clarence Vivian was assaulted and robbed of a sum of money by a man named Slim Ownes. He struck Vivian upon the head with some instrument which felled him and rendered him unconscious for the moment. After attending the dance Vivian and one May entered a Ford automobile, drove away from the Nichols home and stopped their car near the public road where it remained for a short time and the robbery took place. Both

Vivian and May were under the influence of intoxicants, May being in a drunken stupor. A Ford roadster passed May's car while it was parked, turned and came back. Vivian and May had gotten out of their car, when a person got out of the Ford car and committed the robbery. After the robbery and as the Ford runabout was driven away May observed another person in it whom he did not recognize. The State relied upon various circumstances to establish the appellant's identity as the companion of Ownes and as the other occupant of the Ford roadster at the time of the robbery.

Appellant relied upon an alibi, and before going to trial applied for a continuance to secure the testimony of Slim Walling, a resident of Lamb County, from whose testimony the appellant expected to support his defense of alibi. Among other circumstances relied upon by the State to connect the appellant with the commission of the offense, there was testimony that Vivian and May remained at the place where the dance occurred for some time; that May was quite under the influence of liquor; that he and Vivian entered May's car and drove out to the place where the robbery occurred; that the appellant and Ownes left the place where the dance occurred in an automobile, and it was the theory of the State that they occupied the automobile which was used by the robbers; that Ownes committed the actual robbery while the appellant sat in the automobile and kept the engine running and together with Ownes drove back to the Nichols' home.

The testimony imputed in the application to the absent witness Slim Walling was to the effect that on the night that the dance occurred he was driving his automobile; that he stopped the car at a point some 200 or 300 yards from the Nichols' home and while there the appellant and Ownes drove up in a Ford runabout which was stopped. The appellant got out of the car and came to that in which the witness was riding and engaged in a conversation with Walling. While the appellant was in conversation with the witness, another person got into the car with Ownes and it was driven away in a westerly direction, which was in the direction in which the offense took place; that the appellant crawled through the fence into an enclosure as the car containing Ownes and another was driven away; that Walling soon thereafter returned to the dance where he saw the appellant and after seeing him a messenger came giving information of the robbery.

It was apparent from the motion for a continuance and the bill of exceptions that the appellant had been diligent in causing the issuance of a subpoena for the witness Walling and that it had been duly

served and returned; that Walling's absence was due to sickness. The averment that he was sick was supported by a written communication of the doctor in which it was declared that Walling was under his treatment and was unable to attend court and would probably be sick for several days, and the materiality of the testimony is made manifest from an examination of the statement of facts as well as from the bill of exceptions. The testimony of the witness Walling, moreover, coincides with that of the witness Kuykendall, who was with Walling, and also with that of the appellant who testified in his own behalf and denied any connection with the assault or his presence there and admitted that he left the dance with Ownes but quit him under the circumstances and at the time which was described by the testimony of the absent witness Walling. The appellant's testimony and that of Walling is in conflict with the State's theory, which, through circumstances, attempts to identify the appellant as the person who was with Ownes at the time the assault was committed. The application was the first one and complies with all the statutory requirements. Upon the hearing of the motion for new trial witnesses were called and based upon their testimony the court qualified the bill. No issue was made at the time of the trial challenging the truth of the statement in the motion accounting for the absence of the witness upon the ground of sickness. If at that time the truth of the matter was a subject of doubt, it was within the power of the State to issue process for the witness. He was already under process issued at the instance of the appellant, and with the information that he was sick and the certificate of the doctor to that effect, with the truth of it not challenged by the State at the time, the sufficiency of the diligence of the appellant is not deemed open to question. The absent witness being under process and sick at the time of the trial, it affirmatively appearing that he had but recently become ill, the averments of the application for a continuance not being controverted, and the materiality of the testimony as disclosed by the application being obvious, the error of the court in overruling the application is manifest. Adams v. State, 19 Tex. Crim. App. 12; Dyer v. State, 47 Tex. Crim. Rep. 253; Derrick v. State, 100 Tex. Crim. Rep. 223; Branch's Ann. Tex. P. C., Sec. 338. On the hearing of the motion for new trial there was no evidence combating the fact that at the time of the trial the witness Walling was sick. There was testimony that some days after the trial he was seen by the district attorney and did not then appear to be sick. The physician who attended him, however, testified on the hearing that

at the time of the trial the witness was sick; that he was visited by the doctor on the night before the trial began and that he was suffering from inflammation of the stomach and was not able to attend court on the day of the trial. That the witness was not sick at the time of the trial was not a proper inference for the court to draw from the testimony to the effect that some days after the trial he was not confined to his house. In the case of Dyer v. State, cited above, the exact question was presented and was ruled against the State's present contention. To the same effect are the cases cited above.

In contesting a motion for new trial the State is permitted by Art. 757, C. C. P., 1925, to present facts either by affidavit or oral testimony such as would render the error in overruling the motion for continuance harmless. Richardson v. State, 28 Tex. Crim. App. 216. When the evidence adduced upon the hearing of the motion is properly brought up with the record, it is subject to review on appeal. See Washington v. State, 86 Tex. Crim. Rep. 652; Bowman v. State, 98 Tex. Crim. Rep. 377; Hughes v. State, 106 Tex. Crim. Rep. 550. Tested by the rule just stated, the evidence fails to show that at the time of the trial the absent witness was not sick but is cogent to establish the contrary. Nor is the testimony of the district attorney to the effect that the witness Walling when interviewed some time after the trial said that he did not want to make a statement and when asked why said it might incriminate him and that he would claim his immunity, under the facts at hand, deemed conclusive against the appellant. The hearing of the motion for new trial was on the day following that upon which the district attorney had conversed with the witness. Nothing appears affecting the appellant with knowledge that the statement had been made. There was no pleading filed controverting the motion for new trial and under the circumstances nothing is perceived to show that there was a lack of diligence upon the part of the appellant to have process issued for the absent witness Walling at the hearing of the motion for new trial. The State having knowledge of his declaration to the district attorney, had both opportunity and power to bring the witness into court upon the hearing of the motion for new trial. If he had been present and claimed a right to silence unless given immunity, the power was within the court and district attorney to grant immunity and give him freedom to testify. Camron v. State, 32 Tex. Crim. Rep. 180; Turney v. State, 40 Tex. Crim. Rep. 561; Ex parte Copeland, 91 Tex. Crim. Rep. 549. If he had been brought to court, it might have been ascertained that he was mistaken in his

conclusion that he was in need of immunity. At all events, the hearsay evidence brought out by the State without notice to the appellant, without an effort upon the part of the State to bring the witness into court, without the declaration by the court or the district attorney that they were willing to accord him immunity would not, in our judgment, render harmless the action of the court in denying the appellant a continuance under the circumstances disclosed by the record. In the opinion of this court written by presiding Judge White it was said:

"An application for a continuance, though a first one and in compliance with statutory requirements, is, it is true, not a matter of right; still the discretion exercised by the court in overruling it must not be an arbitrary but a 'sound' one." (Irvine v. State, 20 Tex. Crim. App. 40.)

In a recent opinion of this court written by Judge Lattimore in which there is a complaint of the failure to grant a new trial for the alleged error in overruling the motion for a continuance this court said:

"It is the duty of the trial court in passing on a motion for new trial to consider the probable truth of the testimony expected from the absent witnesses in the light of the evidence adduced on the trial, and such issue is to be determined not by an arbitrary but by a sound discretion." (Cruz v. State, 100 Tex. Crim. Rep. 190.)

See also Frazier v. State, 22 Tex. Crim. App. 120; Bronson v. State, 59 Tex. Crim. Rep. 17.

In Irvine's case, supra, the action of the court in refusing a continuance brought about a reversal. In its opinion this court said:

"There can be no question as to the diligence used by defendant to secure the attendance of said witnesses; there can be no question as to the materiality of the testimony sought to the defense; and, viewed in the light of the testimony adduced, there can be no question that most, if not all, the proposed testimony is probably true, because most of it is corroborated by the testimony of some one or more of the witnesses who did testify, and all such as is not corroborated is matter of most serious moment to the defense."

In the present instance, the testimony of the absent witness set forth in the application for a continuance was material, and upon a material issue was corroborative of the appellant's testimony and that of some of his witnesses, and in our examination of the record, no sound basis has been perceived for declaring that his testimony was not probably true.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In its motion for rehearing the state sets out the evidence given by Fred Clark upon a hearing of the motion for new trial, and relies upon such testimony in connection with the other matters discussed in the original opinion as justifying the trial court in determining that if Walling, the absent witness, testified as expected his evidence would not be true. It is insisted that the court's finding upon the matter should not be disturbed. No affidavit of Walling was attached to the motion. Clark was night watchman in the town of Amherst. Upon the hearing of the motion for new trial he testified that on the night of the robbery he saw the witness Walling every fifteen or twenty minutes until after the robbery occurred, and knew that another party had Walling's car which was not returned until after the report of the robbery had reached town. It is clear from Clark's evidence that he was of opinion Walling never left town either before or after the robbery. In fact he says "I don't think he went. I don't think he went out there at all." That Clark was mistaken to some extent is quite apparent from the testimony of the state witness May. After the robbery May came to town to see about the extent of the injuries to Vivian. He started back to the scene of the dance after his car and met it coming towards town. It was occupied by appellant. Ownes and the young lady who had gone to the dance with Vivian, May and appellant. May says that Walling drove up and the young lady got in his car and was brought back to town by Walling. Kuykendall testified on the trial that he and Walling only remained at the dance a short time, then came on back to town, and after hearing of the robbery he and Walling started back and met several cars in one of which was the young lady and appellant. He then relates, as does May, the incident of the young lady getting in Walling's car and returning to town with them. It is therefore very certain that Clark was not advised as to Walling's movements after the robbery became known.

Art. 757 C. C. P. reads:

"The state may take issue with the defendant upon the truth of any cause set forth in the motion for a new trial; and, in such case the judge shall hear evidence, by affidavit or otherwise, and determine the issue."

Some cases may be found holding that while the state can only controvert the question of diligence upon an application for continuance, yet if the application be overruled and complaint thereof is brought forward in a motion for new trial the state may then—in the absence of an affidavit of the absent witness attached to the motion asserting that he would give the claimed testimony—inquire into the probable. truth of the proposed testimony of the absent witness. Attaway v. State, 31 Tex. Cr. R. 475, 20 S. W. 925; Richardson v. State, 28 Tex. Cr. R. 216; Steel v. State, 55 Tex. Cr. R. 551; Woods v. State, 83 Tex. Cr. R. 332. Other cases are referred to in those cited. As was said by Judge Ramsey in Steel's case (supra), similar questions have "been before this court not infrequently, and usually we have held adversely to the state; but as will be seen by an inspection of the opinion in the several cases, every decision has to some extent been based upon the particular facts of the case." The reason for such holdings being adverse to the state in most of the cases may be accounted for by the fact that the law has wisely vested in the jury the right to determine the credibility of witnesses and to settle conflicts in testimony, and the courts are naturally averse to depriving the jury of the right so vested. Upon a motion for new trial the probable truth of the proposed evidence of an absent witness—whose affidavit is not attached—is to be determined from the information then properly brought before the trial judge in connection with all the evidence which had been produced upon the trial. Considering the present case in its entirety, we are impressed with the view that the movements of the various actors and witnesses are so confusing and the testimony so in conflict that a jury should not be deprived of an opportunity of passing upon appellant's case in the light of Walling's testimony if it can be obtained.

The state's motion for rehearing is overruled.

*Overruled.*