## TOM ETHRIDGE V. THE STATE.

No. 19486. Delivered March 9, 1938.

The opinion states the case.

*Percy Foreman,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of conducting a bawdyhouse; punishment was assessed at confinement in the county jail for twenty days and a fine of $200.

The record is before us without bills of exception. In his motion for a new trial, however, appellant complains of a number of alleged errors. His first contention is that the testimony is insufficient to sustain his conviction. We find ourselves unable to agree with him. Three of the girls who worked for him as waitresses, testified that appellant agreed to pay each of them $1 per day and furnish them with a bedroom in consideration for their services. They stated that he also required them to engage in illicit intercourse with men for a monetary consideration, and that they were required to give him a part of their illicit earnings. Claude Beverly, a city policeman, testified that he had been to appellant's place of business many times and found some of the girls employed by appellant in bed with men. That he called appellant's attention to what was going on and requested him to "clean up" and get rid of the girls. That at first he denied any knowledge of what was going on, but later admitted that he knew what they were doing. Appellant, who testified in his own behalf, denied that he owned or ran a bawdyhouse or used the girls employed by him as waitresses to engage in illicit intercourse with men. We think this testimony is sufficient to sustain and justify the jury's conclusion as to appellant's guilt. Even though it be conceded that the girls were accomplices and appellant could not be convicted on their testimony alone, the testimony was sufficiently corroborated by the policeman.

In his motion for new trial, appellant complains of certain argument of the State's attorney. This matter is not brought forward by a proper bill of exception; hence the matter is not properly before this Court for review.

He also complains in said motion for new trial of the court's action in overruling his motion for a continuance based on the absence of G. C. Anscuts, who was ill at the time of the trial. It appears from the record that appellant made his motion verbally with the understanding that he could later reduce it to writing and file it. The written motion, subsequently filed, sets forth that he expected to prove by said witness that the three girls summoned by the State as witnesses, told said witness that they were going to "frame the appellant—put the law on his sore back" because he had discharged them as waitresses. That it was the only way they could get revenge. The court has appended to the motion for new trial a statement of what appellant, in his oral motion, contended he could prove and would

have proved by such absent witness if in attendance at court. He states that appellant said: "Claude Beverly, the police officer, had given to the prostitutes in this case, in return for their testimony, a permit and the right to ply their trade of prostitution." That the court inquired of appellant at the time if this was the only ground for continuance and he stated that it was; that thereupon the court further inquired of him if he was in a position to state to the court that he believed such testimony to be true. That appellant's counsel replied that he did not so believe; that he had known the policeman for a long time— knew him to be a high class, honorable man and above such conduct, but that if the witness wanted to testify to it, it was his, the witness', business.

The explanation as made by the court seems to us to indicate that appellant declined to vouch for the truth of what he orally stated he expected to prove by the absent witness. The record shows that had the witness been present and testified to the facts as stated by the appellant in his oral motion, it would merely have contradicted the testimony of Beverly, the police officer. It was impeaching in its nature. See Fifer v. State, 64 Texas Crim. Rep. 203; Garrett v. State, 37 Texas Crim. Rep. 198.

However, since the matter is not brought forward by a proper bill of exception, we do not deem it necessary to enter upon an extended discussion thereof.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.