GEORGE WHITE, JR., V. THE STATE.

No. 23386. Delivered June 5, 1946.
Rehearing Denied June 28, 1946.

The opinion states the case.

*Carl G. Miller,* of Rockwall, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant brings forward a number of complaints, each of which he claims constitutes reversible error. His first contention is that the trial court erred in declining to sustain his motion for a peremptory instruction to the jury to return a verdict of not guilty based on the following grounds: (a) Because the State alleged in the indictment that the offense was committed in Dallas County, Texas, but the proof fails to show where said offense took place; (b) because the indictment alleges that the offense was committed in Dallas County, Texas, but there is no proof in the record showing that Rockwall County adjoins Dallas County, nor that Dallas County is composed of one judicial district, or that Rockwall County has any jurisdiction over the offense; (c) because the proof fails to show that the male organ of the defendant penetrated the female organ of the prosecutrix; (d) because the proof fails to show that any rape was committed by the defendant on the injured party.

It is charged in the indictment, omitting the formal parts, as follows:

"* * * That George White, Jr., on or about the 3rd day of July, One Thousand Nine Hundred and 45, and anterior to the presentment of this Indictment, in the County of Dallas and State of Texas, did then and there unlawfully in and upon Rosie Lee Martin, a female then and there under the age of 18 years, did make an assault, and the said George White, Jr., did then and there ravish and have carnal knowledge of the said Rosie Lee Martin, the said Rosie Lee Martin not being then and there the wife of the said George White, Jr., and Dallas County being in a Judicial District comprised of only one County and Rockwall County and its county seat in the town of Rockwall being in an adjoining county to the said Dallas County:"

We will first endeavor to dispose of the question of jurisdiction, which was raised by the motion for an instructed verdict. It is true that it was charged in the indictment that the offense was committed in Dallas County. There is sufficient proof in the record to sustain that allegation.

The indictment charges that Rockwall County adjoins Dallas County, but the proof fails to support this allegation. It was not an indispensable prerequisite to show by direct proof that Dallas County alone composed the judicial district, or that Rockwall County adjoins it, for the reason that this court will

take judicial knowledge that Dallas County alone composes a judicial district, and that Rockwall County adjoins Dallas County. Both were created by legislative acts of many years' standing. This court held in the case of Bussey v. State, 59 Tex. Cr. R. 260, that it "judicially knows the geography of the country and knows that Panola County lies north of Shelby County and adjoining it." In the case of McIntosh v. State, 85 Tex. Cr. R. 417, it was held that "this court takes judicial cognizance of the fact that Wood and Smith Counties are in the same judicial district." Consequently, there is nothing in the appellant's contention that the trial court erred in overruling his motion for an instructed verdict.

There is also sufficient proof to show that the male organ of the appellant penetrated the female organ of the prosecutrix as will be hereinafter shown in the discussion of the question. The statement of facts discloses that the prosecutrix, a girl twelve years of age, went to Dallas on the day in question to visit her eldest sister; that she and another sister went to White Rock Lake, where they entered a cafe and ate some lunch; that while they were in the cafe appellant and Woodrow Payton came in and appellant spoke to her; that after the two girls had finished their lunch they walked out to a hackberry tree and waited for a bus; that while they were standing there appellant and Payton, who were in a truck, invited them to ride with them. The prosecutrix and her sister, being under the impression that the young men were going back to the city, accepted their invitation, but instead of going to the city, they drove to the Rowlett Bottom in Dallas County, where appellant assaulted the prosecutrix. We quote from her testimony as follows:

"He pulled my pants off and put his private parts into me about that far (Illustrating). * * * At the time Junior White did it to me, my sister and Woodrow Payton were there behind the truck."

On cross-examination by appellant's attorney she testified that he struck her four or five times and knocked her unconscious; that she did not know what he did then. She further testified:

"Rowlett Bottom is over here before you get to Garland, the other side of Garland, between Dallas and Garland, that is where they stopped. I don't know whether it was Rowlett Bottom or not; anyhow, that is what they called it. I know it was in Dallas County. I don't know how I know, but I just know it is. As to

who told me it was in Dallas County, a lot of them did."

Dr. Corry and Dr. Jackson both testified to the bruised condition of the prosecutrix and stated that her face, lips and tongue were bruised; that one of her eyes was almost closed; that her private parts were bruised and lacerated; that the hymen looked like it had had considerable penetration and appeared to be of recent date.

The defendant did not testify or offer any affirmative evidence.

We are of the opinion that the evidence is sufficient to show, beyond a reasonable doubt, that appellant had carnal knowledge of the prosecutrix without her consent at the time and place in question. For authority for maintaining this prosecution in Rockwall County, see Article 207, C. C. P.

By Bill of Exception No. 2 appellant complains because the court failed to charge the jury on the law of assault to rape and aggravated assault, although he requested such a charge. In the absence of any evidence which fairly raised such an issue the court was not required to give any instruction relative thereto. The court did instruct the jury that unless they believed from the evidence, beyond a reasonable doubt, that the defendant did make an assault upon the prosecutrix, a woman under eighteen years of age, and did have carnal knowledge of her and that she was not then and there the wife of the defendant, to find him guilty as charged; but unless they so believed from the evidence, beyond a reasonable doubt, to acquit him. This, in our opinion, was the proper application of the law to the facts as developed upon the trial.

What we have said in disposing of Bill of Exception No. 2 also disposes of Bills Nos. 3 and 4.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists only that we erred in concluding (a) that venue of the prosecution was properly laid in Rockwall County and (b) that the facts were sufficient to support the conviction.

The record has been again examined in the light of appellant's insistence, and we remain convinced of the correctness of the conclusions expressed.

No useful purpose would be served to write further.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.